USA v. Merlino                        CR-96-146-M    10/17/97
                    UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW HAMPSHIRE


United States,

        v.                                         CR.96-146-01-M

Frank Richard Merlino,



                      **Sentencing Statement**


        By order dated October 9, 1997, the Court of Appeals for the

First Circuit directed this court to file a written report:


        indicating (a) whether the court, in upwardly
        departing, "structured the departure by moving
        incrementally down the sentencing table to the next
        higher offense level in Criminal History Category VI"
        until it found a guideline range appropriate to the
        case, U.S.S.G. § 4A1.3 (Nov. 1992), and if so (b) why
        the court found offense level 18 to be inappropriate.


United States v. Merlino, Nos. 97-1681 and 97-1682 (1st Cir.

October 9, 1997).


        This court previously found, and hereby reiterates its

finding, that defendant's criminal history category as determined

under the United States Sentencing Guidelines (i.e., CHC VI) does

not adequately reflect the seriousness or scope of defendant's

past criminal conduct or the likelihood that he will commit other

crimes in the future.  In light of defendant's criminal history,

it was evident to this sentencing judge that defendant has "an

egregious, serious criminal record in which even the guideline

range for Criminal History Category VI is not adequate to reflect

the seriousness of the defendant's criminal history." U.S.S.G. § 4A1.3. Accordingly, the court held that an upward departure was warranted.

Because defendant's CHC was already firmly pegged at level six (with 18 countable criminal history points, and not including several prior convictions in that calculation), the court could not depart to a higher criminal history category. Nor, as the transcript of the sentencing hearing makes clear, did it attempt to project what defendant's sentence might be under a hypothetical criminal history category of VII or higher. Consequently, I moved incrementally down[1] the sentencing table in arriving at an offense level under CHC VI that fairly and adequately took into account defendant's actual criminal history and the extraordinarily high likelihood that he will, upon release from incarceration, commit additional serious crimes. As the court expressly noted at the sentencing hearing:

> [G]iven the totality of the circumstances, the seriousness of this defendant's record, the fact that his record is significantly more extensive than most defendants who find themselves in category six, the fact that his multiple past convictions and sentences have had little or no effect in dissuading him from continuing his fraudulent criminal behavior, the fact that his past behavior convinces the Court that unlike most people found in category six, this defendant will engage in future criminal conduct, the Court finds that his criminal history category as computed in the presentence investigation report underrepresents his

---

[1] Of course departing "upward" (to impose a more severe sentence) involves moving across or down the applicable Guideline grid.

actual criminal history, and therefore, a departure
upward is warranted.

The Court is going to <u>depart upward to two levels from
level 17 to level 19</u>.  The Court is departing up two
levels because the range of 63 to 78 months found at
level [19] strikes the Court as being adequate to
impose a sentence that accurately represents this
defendant's -- provides the Court with a range that
. . . permits the Court to impose a sentence that would
actually reflect this defendant's criminal history,
because it seems appropriate.

<u>And I would note for the record that the Court is
departing downward [i.e., "down" the sentencing table]
to increase the total offense level under the matrix
provided in the guidelines rather than purporting to
depart outward to a hypothetical increased criminal
history category</u>.

Transcript of Sentencing Hearing, at 40-41 (emphasis supplied).


Accordingly, the response to the first question posed by the
court of appeals is of course "yes."  As this court made clear on
the record, in upwardly departing, it "structure[d] the departure
by moving incrementally down the sentencing table to the next
higher offense level in Criminal History Category VI until it
[found] a guideline range appropriate to the case."  U.S.S.G. §
4A1.3.  The appropriate departure, as determined by this court
was to that level which provided for imprisonment for 63 to 78
months (the range provided by CHC VI, level 19).


In support of its decision to depart by two levels (from
level 17 to level 19), rather than merely one, this court
concluded, and hereby reiterates its conclusion, that: (1) a
departure to CHC VI, level 18 would not have been sufficient; and

3

(2) a departure to level 19 was within the "guideline range appropriate to the case." U.S.S.G. § 4A1.3.  Of course, as the court of appeals has itself noted, "where a small departure is involved, it may be difficult to provide any explanation [regarding the extent of the court's departure] <u>over and above</u> that given for the decision to depart."  <u>United States v. Black</u>, 78 F.3d 1, 9 (1st Cir.) (emphasis in original), <u>cert. denied</u>, 117 S.Ct. 254 (1996).  Nevertheless, this sentencing judge specifically found that several factors counseled in favor of departing to level 19, rather than level 18.

In concluding that an upward departure to level 19, rather than merely level 18, was warranted, the court relied upon the following factors, as fully articulated on the record:

1.  defendant's lengthy criminal history, his consistent and largely uninterrupted (even during periods of incarceration) pattern of criminal conduct spanning at least 15 years, and his demonstrated recidivism;

2.  the nature and seriousness (rather than merely the number) of defendant's prior offenses;

3.  defendant's profound incorrigibility and substantial commitment to dedicating his life to one involving the repeated commission of fraud, despite several prior convictions for precisely that type of unlawful conduct -- a level of commitment well in excess of the ordinary criminal defendant convicted of fraud;

5.  defendant's apparent unwillingness (or inability) to support himself by lawful means and, consequently, the court's factual finding that he is essentially a "professional defrauder" and a "professional criminal";

6.  the lack of any indicia that defendant intends to stop his criminal activity;

4

7. that defendant is, as demonstrated by his prior conduct, unlikely to be swayed from a life of crime (if at all) absent sever sanction; and

8. in light of defendant's demonstrated refusal to comply with the law, the public's substantial and justifiable interest in having him removed from society for a lengthy period of time, if not to encourage him to stop his criminal conduct, then at least to protect citizens from his unlawful and predatory practices.

See generally Transcript of Sentencing Hearing, at 30-35. See also Presentence Investigation Report of Frank Richard Merlino.

In light of defendant's severe and plainly recidivist criminal history, his demonstrated refusal to refrain from criminal activity, and his obviously deep commitment to fraudulent conduct as a means of support, it is evident to this judge that defendant has not gotten the message, no doubt in substantial part due to indulgent and lenient treatment he has received in the past. His most recent conviction underscores the fact that his prior criminal sentences have served neither to change his attitude nor dampen his enthusiasm for criminal conduct. Accordingly, in this sentencing judge's opinion a two-level upward departure to level 19, CHC VI, was and is reasonable, appropriate (indeed modest), and fully supported by the record. See United States v. Black, 78 F.3d at 9-10; United States v. Parkinson, 44 F.3d 6, 10 (1st Cir. 1994). In fact, a substantially greater departure could easily have been imposed and justified on this record.

In holding that an upward departure to level 19 was warranted and appropriate, the court necessarily concluded that a departure of merely one level (i.e., to level 18) would have been insufficient to adequately punish defendant for his crimes of conviction, to deter him from future criminal conduct, or to address the public's demonstrable and legitimate interest in removing from society one of its members who has a lengthy and egregious criminal record and an undeniable pattern of recidivism and incorrigibility. Much more cannot be said — level 18 was not sufficient because in the judgment of the sentencing judge it was not sufficient; level 19 was sufficient to achieve a sentencing range that adequately reflected defendant's actual criminal history because, in the judgment of the sentencing judge, it was. See generally, Koon v. United States, 116 S.Ct. 2035, 2046-47 (1996); United States v. Rivera, 994 F.2d 942, 950-52 (1st Cir. 1993).

Trying to quantify the exercise of that judgment and discretion to the point of explaining a two level rather than a one level departure (a difference of seven months incarceration) in quasi-mathematical or apparently "objective" terms is, in my opinion, not a valid or helpful exercise, nor is it wise to try. Other than what was stated on the record (and reiterated in this sentencing statement), I can do no more to explain why in my judgment a departure to level 19 is reasonable, just, and proper, but a departure to level 18 would not be. See Black, 78 F.3d at

6

10 ("In this case the departure, measured by months, was quite modest and [appellant's] only practical concern is with why he did not receive even less. It is hard to know how the district court could have explained <u>this</u> choice -- to depart by three levels instead of one or two -- except to say that the grounds for departure called for more than a slap on the wrist") (emphasis in original). Here, too, the grounds for departure called for more than a slap on the wrist.

Unless required to do so as a matter of law, this court would not, based on the record before it, reduce the sentence originally imposed on this defendant by reducing the degree of upward departure. Of course, if permitted to depart no more than one level (i.e., from level 17 to 18), the court would sentence defendant to the maximum time allowed by CHC VI, level 18, for the reasons set out on the record and reiterated herein.

**SO ORDERED.**

 _____
 Steven J. McAuliffe
 United States District Judge

October 17, 1997

cc: Jennifer E. Cole, Esq., AUSA
 Bjorn R. Lange, Esq.
 U.S. Marshal
 U.S. Probation